United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41569
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL VILLANUEVA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(No. 5:03-CR-914-01)
- - - - - - - - - -
ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1] At our request, the parties have submitted supplemental letter briefs addressing the impact of <u>Booker</u>. For the following reasons, we find that <u>Booker</u> does not affect Defendant-Appellant Manuel Villanueva's sentence.

## I. BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ──, 125 S. Ct. 738 (2005).

In July 2003, Villanueva pleaded guilty, pursuant to a plea agreement, to one count of transporting undocumented aliens for financial gain in violation of 8 U.S.C. § 1324. His base offense level under USSG § 2L1.2(a) was twelve, and the presentence report recommended, pursuant to § 2L1.1(b)(2)(A), a three-level enhancement based on the number of aliens he smuggled. The district court additionally increased the base offense level to eighteen under § 2L1.1(b)(5), based on its finding that Villanueva was high on heroin at the time of his offense and thereby created a substantial risk of death or serious bodily injury to the aliens he was transporting ("reckless endangerment enhancement"). Finally, Villanueva received a three-level reduction for acceptance of responsibility under §§ 3E1.1(a) & (b). The resulting imprisonment range under the sentencing guidelines was 41 to 51 months. The district court sentenced Villanueva to 51 months' imprisonment to be followed by three years of supervised release.

At his sentencing Villanueva denied having used heroin on the day of the offense and objected to the three-level reckless endangerment enhancement, contending that there was insufficient evidence to support the enhancement. Villanueva did not make any Blakely-[2] or Booker-type objections in the district court, however, as his sentencing occurred several months before either of these decisions issued.

On appeal, Villanueva again challenged the sufficiency of the evidence supporting the reckless endangerment enhancement.

---

[2] Blakely v. Washington, 542 U.S. 296 (2004).

Additionally, during the pendency of the appeal Blakely was decided, and we granted Villanueva's request for leave to file a supplemental brief asserting "that the [enhancement] violated Blakely ... because it was based on facts that were not charged in his indictment, were not found by a jury beyond a reasonable doubt, and were not admitted by him at his plea hearing."[3] We affirmed the sentence in an unpublished opinion, noting that the Blakely argument was foreclosed by our decision in United States v. Pineiro, which held Blakely inapplicable to the federal sentencing guidelines.[4]

In his petition to the United States Supreme Court for a writ of certiorari, Villanueva again asserted Blakely-type error and requested that the Supreme Court remand his case for further consideration under its then-pending decision in Booker. By a memorandum of the acting Solicitor General, the Government also recommended a remand for further consideration in light of Booker, which the Supreme Court granted.

## II. DISCUSSION

## A. Standard of Review

Villanueva raised his Booker claims for the first time on appeal. Therefore, we review for plain error.[5] This means that we will not remand for resentencing unless there is (1) error, (2)

---

[3] United States v. Villanueva, No. 03-41569, 111 Fed. Appx. 312 (5th Cir. Oct. 20, 2004) (unpublished opinion).

[4] Id. (citing United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004)).

[5] United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

that error is plain, and (3) it affects substantial rights.[6] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]

Since <u>Booker</u>, sentencing under mandatory Guidelines constitutes (1) error, and (2) that error is plain.[8] Whether the error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof. He carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9] The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[10]

## B. Merits

Villanueva satisfies the first two prongs of our plain error review because his sentence resulted from application of the Guidelines in their mandatory form. He has not, however, met his burden of showing that this error affected his substantial rights, as required under <u>Mares</u>. Villanueva acknowledges that this circuit

---

[6] <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

[7] <u>Id.</u>

[8] <u>Mares</u>, 402 F.3d at 521.

[9] <u>Id.</u> (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[10] <u>Id.</u> at 522.

has rejected the arguments that <u>Booker</u> error is structural or otherwise reversible per se,[11] or presumptively prejudicial,[12] but mentions those arguments only to preserve them for further review. Next, Villanueva urges us to follow the approach taken by the Tenth Circuit in <u>United States v. Dazey</u>,[13] rather than our own. <u>Mares</u>, however, is the settled law of this circuit, and we may revisit it only en banc or following a Supreme Court decision that effectively overturns it. As Villanueva presents no viable ground for remand under <u>Mares</u>, we affirm his sentence.

### III. CONCLUSION

Villanueva has failed to satisfy his burden of demonstrating that the plain error at his sentencing affected his substantial rights. His sentence is AFFIRMED.

---

[11] <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005); <u>United States v. Arnold</u>, 416 F.3d 349, 2005 WL 1546254 at *9 n.23 (5th Cir. 2005).

[12] <u>Arnold</u>, 419 F.3d 349, 2005 WL at *9 n.23.

[13] 403 F.3d 1147 (10th Cir. 2005).